UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT MICHAEL HUGHES,<br><br>      Petitioner,<br>v.<br><br>JOHN KING, Warden,<br><br>      Respondent. | Civil No. 10-450 (MJD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On October 17, 2006, Petitioner was convicted in the state district court for Freeborn County, Minnesota, on charges of first degree premeditated murder, and second degree intentional murder. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

No. 1], p. 1, §§ 1-4.)

After Petitioner was convicted and sentenced, he filed a direct appeal in the Minnesota Supreme Court, which presented numerous grounds for relief. (Id., pp. 1-3, § 9.) On May 22, 2008, the Minnesota Supreme Court issued a published decision in Petitioner's appeal, which rejected all of his claims, and affirmed his conviction and sentence. State v. Hughes, 749 N.W.2d 307 (Minn. 2008).[2]

After the Minnesota Supreme Court denied Petitioner's direct appeal, he filed an application for certiorari review in the United States Supreme Court. Petitioner's certiorari request was denied by the Supreme Court on November 17, 2008. Hughes v. Minnesota, 129 S.Ct. 605 (2008). Petitioner's subsequent request for a rehearing on his petition for certiorari was denied by the Supreme Court on February 23, 2009. Hughes v. Minnesota, 129 S.Ct. 1407 (2009). Petitioner did not thereafter seek post-conviction relief in the Minnesota state courts, and he has not otherwise challenged his conviction or sentence in any court since the completion of his direct appeal. (Petition, p. 6, § 10, p. 11, § 14.)

Petitioner's current habeas corpus petition was executed on February 10, 2010, and filed on February 17, 2010. This petition lists five grounds for relief, which Petitioner has summarized as follows: (1) "Exculpatory evidence was withheld by the State;" (2) "Coursed [sic], non-voluntary statements were used as confessions;" (3) "Appellant was denied his Miranda rights;" (4) "Appellant was denied access to court;" and (5) "Relationship, hearsay, and character evidence." (Id., pp. 8-10, § 12.) Petitioner represents that all of his current

---

[2] One of the claims that Petitioner raised in his direct appeal, challenging a restitution component of his sentence, was denied without prejudice, so that Petitioner could re-raise that claim in a later post-conviction motion. Hughes, 749 N.W.2d at 318.

2

habeas corpus claims were previously presented to the trial court, the Minnesota Supreme Court, and/or the United States Supreme Court. (Id., p. 11, § 13.)

The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period;[3] nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on May 22, 2008. However, for purposes of § 2244(d)(1)(A), the judgment did not become "final" until Petitioner exhausted his opportunity to seek certiorari review

---

[3] The Court recognizes that two of Petitioner's current claims for relief – Ground One, (failure to disclose exculpatory evidence), and Ground Four, (denial of access to the court) – seem to suggest that the State impeded Petitioner's ability to defend himself <u>at trial</u>. These alleged "impediments" obviously occurred, and were evident to Petitioner, during the course of his trial court proceedings, or at least on his direct appeal. This must be so, because Petitioner purportedly raised these two "impediments," (as well as all of his other current claims for relief), at the trial court level and/or on direct appeal. (See Petition, p. 11, § 13.) Therefore, while the matters described at Grounds One and Four of the current petition could have impeded Petitioner's ability to defend himself at trial, they could <u>not</u> have impeded his ability to seek federal habeas review in a timely manner. Petitioner has not identified any state-created impediment that prevented him from seeking habeas corpus relief within the one-year limitations period prescribed by § 2244(d)(1).

in the United States Supreme Court. As explained by our Court of Appeals –

> "the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

Because Petitioner sought certiorari review in the United States Supreme Court, his conviction did not become final on direct appeal, for purposes of § 2244(d)(1)(A), until the Supreme Court denied his certiorari petition. Id. The Supreme Court denied Petitioner's certiorari petition on November 17, 2008, so that is the date when his judgment of conviction became final, and the one-year statute of limitations began to run. The statute of limitations expired one year later, on November 17, 2009. However, Petitioner did not file his current habeas corpus petition until February 2010. Therefore, Petitioner's habeas corpus petition was filed too late.

Petitioner may believe that his judgment of conviction did not become final, for purposes of § 2244(d)(1)(A), until the United States Supreme Court denied his request for rehearing. The rehearing petition was denied on February 23, 2009, and the current habeas corpus petition was filed less than a year thereafter. Therefore, if the judgment of conviction did not become final until the rehearing petition was denied, the current petition would be timely. However, for purposes of § 2244(d)(1)(A), a judgment becomes final when the Supreme Court denies certiorari, and a subsequently denied motion for rehearing does not alter the date when the judgment becomes final. Indeed, "[i]t is beyond dispute that a state petitioner's criminal conviction is 'final for purposes of AEDPA's one-year

5

limitations period, when his petition for certiorari [is] denied by the Supreme Court,' not when his petition for rehearing is denied or his time to file for rehearing expires." Howland v. Quarterman, 507 F.3d 840, 843 (5th Cir. 2007), cert. denied, 128 S.Ct. 2873 (2008), quoting Giesberg v. Cockrell, 288 F.3d 268, 271 (5th Cir.), cert. denied, 537 U.S. 1072 (2002). See also Campa-Fabela v. United States, 339 F.3d 993, 993 (8th Cir. 2003) (per curiam) (rejecting prisoner's contention that, for statute of limitations purposes, his "conviction was not final until the Supreme Court denied his petition for rehearing"), cert. denied, 541 U.S. 967 (2004).[4] Thus, the statute of limitations began to run in this case when the Supreme Court denied certiorari on November 17, 2008, and not when the Supreme Court denied Petitioner's request for rehearing on February 23, 2009. As discussed above, Petitioner did not file his current petition until February 2010, and by then it was too late, because the one-year limitations period had expired on November 17, 2009.

The tolling provisions of 28 U.S.C. § 2244(d)(2) obviously cannot help Petitioner, because he has never applied for any post-conviction relief in the state courts. (Petition, p. 6, § 10, p. 11, § 14.) The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539

---

[4] The petitioner in Campa-Fabela was a federal prisoner who was seeking collateral relief under 28 U.S.C. § 2255. However, § 2254 habeas petitions and § 2255 post-conviction motions are subject to the same one-year statute of limitations, and the rules for determining the "finality" of a judgment are the same for both types of proceedings. See Giesberg, 288 F.3d at 270 (in both § 2254 cases and § 2255 cases, judgment of conviction becomes final upon Supreme Court's denial of certiorari, regardless of subsequent motion for rehearing). Therefore, the date of the "finality" of Petitioner's state court judgment of conviction, for purposes of the § 2244(d)(1) statute of limitations, is governed by the Eighth Circuit's ruling in Campa-Fabela.

U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. <u>Id</u>.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal

habeas corpus relief, it is recommended that this action be dismissed with prejudice.

Finally, having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: March 4, 2010

                                          s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 19, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.